UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSICA YAGER,

          Plaintiff,

v.

UNITED ACCESS LLC,

          Defendant/Third Party Plaintiff

v.

JEFF CURTS

          Third Party Defendant.

**REPORT, RECOMMENDATION AND ORDER**

Case No. 1:26-cv-511-JLS-JJM

---

Before the court are *pro se* plaintiff Jessica Yager's motions to proceed anonymously [12][1] and to remand this action to state court [13], which have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [5]. Having reviewed both motions, I conclude that no response is necessary. For the following reasons, I recommend that Yager's motion to remand [13] be denied, and I deny her motion to proceed anonymously [12]. I also order the parties to address whether a sanction is appropriate under Fed. R. Civ. P. ("Rule") 11.

**DISCUSSION**

**A. Motion for Remand**

Yager commenced this action on February 3, 2026 by filing a "Summons with Notice" and Complaint in State of New York Supreme Court, County of Genesee, alleging hostile work environment, retaliation and constructive discharge in violation of state and federal

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

law ( [1] at 6-9). On March 18, 2026 defendant United Access LLC removed the action to this court pursuant to 28 U.S.C. §1331, based on federal question jurisdiction. Notice of Removal [1].

In moving to remand the action to state court pursuant to 28 U.S.C. §1447, Yager declares, under penalty of perjury, that "[t]he Complaint in this action asserts only New York Labor Law §740 and related state-law claims" ([13] at 3, ¶2), that she "did not cite any federal statutes in my Complaint" (id., ¶4), and that "[t]he Complaint contains no federal statutory references"(id., ¶7). She also states that "[d]efendant's removal is based on federal statutes that do not appear anywhere in the Complaint" (id. at 1), that her "Complaint contains no federal claims or federal statutes whatsoever" (id. at 2), and finally, that her Complaint "actually cite[s] . . . New York Labor Law §740" but "does NOT include: Sarbanes-Oxley Act (18 U.S.C. §1514A)[,] Dodd-Frank Act (15 U.S.C. §78u-6(h)[,] False Claims Act (31 U.S.C. §3730(h)" ([13-1] at 2).

Even a cursory examination of Yager's Complaint puts the lie to each of these statements. The Complaint does *not* expressly cite Labor Law §740, but *does* expressly cite each of the federal statutes which Yager (under penalty of perjury) claims it does not. *See* [1] at 8-9, ¶40(a)-(c). Moreover, federal question jurisdiction "is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [plaintiff] could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy". Bell v. Hood, 327 U.S. 678, 682 (1946). Therefore, I conclude that this court has subject matter jurisdiction.

**B. Sanctions**

Rule 11(b) states that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery".

Rule 11(c)(3) further provides that "[o]n its own, the court may order . . . [a] party to show cause why conduct specifically described in the order has not violated Rule 11(b)". "[A] district court can impose [Rule] 11(c)(3) sanctions on its own initiative only upon a finding of subjective bad faith, which is the same *mens rea* applicable to a finding of contempt." Rankin v. City of Niagara Falls, 293 F.R.D. 375, 387 (W.D.N.Y. 2013), aff'd, 569 F. App'x 25 (2d Cir. 2014). That standard "can be satisfied by a misleading representation to a district court for an improper purpose". Id.

As detailed above, Yager's blatant misstatements as to the content of her Complaint strongly suggest that she acted in subjective bad faith in moving to remand this action to state court. *See* Joiner v. Delo, 905 F.2d 206, 208 (8th Cir. 1990) (plaintiff's "allegation of subjective good faith and his pro se status do not excuse his blatant misrepresentation of the circumstances . . . . [W]e find no abuse of discretion in the district court's imposition of Rule 11 sanctions"). Accordingly, on or before April 29, 2026 the parties shall show cause in writing why

Yager has (or has not) violated Rule 11(b), why she should (or should not) be sanctioned pursuant to Fed. R. Civ. P. ("Rules") 11(b) and (c)(3), and if a sanction is warranted, what sanction is appropriate.

## C. Motion to Proceed Anonymously

In moving to proceed under a pseudonym, Yager argues that "New York courts recognize that while  there is a general presumption of open judicial proceedings, anonymity may be permitted where a party's privacy interests outweigh that presumption". [12] at 2, ¶6. However, this case is now in federal court. "Rule 10(a) . . . provides that '[t]he title of [a] complaint must name all the parties,' which serves the vital purpose of facilitating public scrutiny of judicial proceedings. Identifying parties in a proceeding is an important dimension of publicness, as people have a right to know who is using their courts." United States v. Pilcher, 950 F.3d 39, 42 (2d Cir. 2020).

There are "ten non-exhaustive factors that courts [can] consider when assessing a party's request to proceed with a pseudonym: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if

any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." Id.

The decision whether to grant or deny the application is committed to the court's discretion (id. at 41). In exercising that discretion, I conclude that none of the above factors weigh in Yager's favor, since she already disclosed her identity when commencing this action in state court ([1] at 6, 9). Therefore, the motion (being nondispositive, id. at 45) is denied.

**CONCLUSION**

For these reasons, Yager's motion to proceed anonymously [12] is denied; I recommend that her motion to remand this action to state court [13] likewise be denied; and I order the parties to address the question of sanctions on or before April 29, 2026. That deadline will *not* be extended.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by May 4, 2026. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: April 15, 2026

 /s/    Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge