UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSICA YAGER,

        Plaintiff,

v.

UNITED ACCESS LLC,

        Defendant/Third Party Plaintiff

v.

JEFF CURTS

        Third Party Defendant.

**REPORT, RECOMMENDATION
AND ORDER**

Case No. 1:26-cv-511-JLS-JJM

---

This action has been assigned to be by District Judge John L. Sinatra, Jr. for supervision of pretrial proceedings [5].[1] My April 15, 2026 Report, Recommendation and Order ("RR&O") [14] recommended that plaintiff Jessica Yager's motion to remand this action to state court [13] be denied, and ordered the parties to show cause why she should not be sanctioned pursuant to Fed. R. Civ. P. ("Rule") 11(c )(3) for repeatedly telling the court - including under penalty of perjury - that her Complaint did not mention federal statutes, when clearly it did.

Having considered the parties' responses [21-23, 34-35] and heard oral argument on May 7, 2026 [35-2], for the following reasons I recommend that Ms. Yager not be sanctioned at this time,[2] but I order that her motion for appointment of counsel [25] be denied.

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]    "Because the Second Circuit has not resolved the issue of a magistrate judge's authority to sanction under Rule 11 . . . this Court, out of an abundance of caution, addresses [the issue] in a report and recommendation." Freedman v. Rakosi, 2024 WL 4559903, at *2, n. 1 (S.D.N.Y. 2024), adopted, 2025 WL 1078293 (S.D.N.Y. 2025).

**BACKGROUND**

On March 18, 2026 defendant United Access LLC removed Ms. Yager's state court Complaint to this court pursuant to 28 U.S.C. §§1331, 1367, 1441 and 1446, based on federal question jurisdiction [1]. Its Notice of Removal attached her state court Complaint ([1] at 6-9), which alleged federal and state causes of action and cited federal statutes. In moving to remand the action to state court [13], Ms. Yager repeatedly stated (including under penalty of perjury) that her Complaint did not allege federal causes of action or cite federal statutes. That led to my issuance of the RR&O on April 15, 2026 [14].

On April 17, 2026 the parties filed a "Joint Rule 26(f) Report and Proposed Discovery Plan", in which Ms. Yager stated that the action "includes claims for whistleblower retaliation, constructive discharge, and related violations under New York law". [15] at 1. On April 29, 2026 she moved to withdraw her motion for remand, stating that it was "based on my good-faith understanding that my claims arose under New York law and did not present a basis for federal jurisdiction. After review of the Court's [RR&O], I recognize that the Court has determined that federal question jurisdiction exists based on the allegations contained in my Complaint". [24] at 1. I granted that motion [29].

In attempting to justify her misstatements about the content of her Complaint, Ms. Yager explains that her fiancé inadvertently filed in state court a Complaint containing references to federal statutes, but that the version which she intended to file contained no federal references. Response [34]. She states: "I fully acknowledge that I should have personally verified what was submitted and obtained copies immediately afterward. I take responsibility for failing to do so. I am not attempting to shift blame to my fiancé, who is not an attorney and was simply trying to

- 2 -

help me during an extremely difficult period in my life. At the time, I was overwhelmed and struggling to manage numerous personal and financial hardships simultaneously." Id. at 1.

## DISCUSSION

**A. Are Sanctions Warranted?**

Ms. Yager has no legitimate excuse for failing to notice that her state court Complaint, attached to the Notice of Removal, referred to federal statutes and a federal cause of action. Although she claims that she "did not even go as far as reading what was attached" to the Notice of Removal ([35-2] at 15), she is "chargeable with knowledge of its contents as of the date of receipt". Francabandiero v. National General Insurance Co., 2023 WL 2253194, at *4 (W.D.N.Y. 2023). Therefore, her repeated statements that the Complaint did not mention federal statutes were objectively unreasonable.

Had United Access moved for sanctions, "conduct that was objectively unreasonable" would have justified an award. Muhammad v. Walmart Stores E., L.P., 732 F.3d 104, 108 (2d Cir. 2013). However, where (as here) the court itself has initiated the sanctions inquiry, a different standard applies. "[W]hether sanctions may be imposed under [Rule] 11(c)(3) on a court's own initiative is not governed by the objective-reasonableness standard applicable under [Rule] 11(b) when sanctions are sought by another party for representations in a pleading or other paper. Instead, in the Second Circuit, a district court can impose [Rule] 11(c)(3) sanctions on its own initiative only upon a finding of subjective bad faith", which must be proven by "clear and convincing evidence". Rankin v. City of Niagara Falls, 293 F.R.D. 375, 387 (W.D.N.Y. 2013), aff'd, 569 F. App'x 25 (2d Cir. 2014).

"[B]ad faith is not simply bad judgment or negligence, but rather implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." French v. Wachovia Bank, N.A., 800 F. Supp. 2d 975, 989 (E.D. Wis. 2011), aff'd, 722 F.3d 1079 (7th Cir. 2013). "[E]ven an incidence of perjury, without more, is not enough to satisfy the stringent standards for when sanctions may be imposed; there must be evidence that the [party] knew that a pleading or position being advanced was frivolous; that the party's claims or positions were being pursued for an improper purpose; or that the [party] was engaged in a deliberate or unconscionable scheme to interfere with the Court's ability to adjudicate a case fairly." Braun ex rel. Advanced Battery Technologies, Inc. v. Zhiguo Fu, 2015 WL 4389893, at *2 (S.D.N.Y. 2015).

I cannot conclude by clear and convincing evidence that Ms. Yager intended to deceive me in stating that her Complaint did not mention federal statutes or a federal cause of action. She had to have known that I could (and would) ascertain the truth of those statements by reviewing the Complaint. Therefore, although she was negligent in making those statements, she did not act in subjective bad faith, meaning that sanctions are not warranted at this time. However, I caution her going forward that "all litigants - represented and unrepresented - must read their filings and take reasonable care to avoid misrepresentations, factual and legal". Jones v. Kankakee County Sheriff's Department, 164 F.4th 967, 970 (7th Cir. 2026).

## B. Should Counsel be Appointed?

28 U.S.C. §1915(e)(1) authorizes the court to "request an attorney to represent any person unable to afford counsel". In moving for appointment of counsel, Ms. Yager states that "I am proceeding without counsel and lack formal legal training. I am attempting to navigate

complex federal procedural and substantive issues to the best of my ability . . . . Given the complexity of the issues, including compliance with procedural rules and the need to respond appropriately to the Court's directives, I respectfully submit that I would benefit substantially from the assistance of counsel". Motion [25], ¶¶1, 6.

In determining whether to appoint counsel, the court must "look first to the likelihood of merit of the underlying dispute". Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). For the reasons alleged in United Access's Third-Party Claim against Jeff Curts in this action [11] and in United Access LLC v. Curts, 26-cv-916, there may well be merit to some or all of Ms. Yager's claims against United Access.

I next consider "secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute". Carmona, 243 F.3d at 632. I do not find the issues in this case to be particularly complex, and although Ms. Yager herself may lack legal training, she has thus far demonstrated extensive familiarity with federal law. For example, in this motion and in her Response [34], she cites caselaw which is directly on point, such as Braun and Jones, *supra*. *See* Response [34] at 3. Moreover, her interrogatories, document requests, and request for a "meet-and-confer" [35-3, 35-4] exhibit a detailed familiarity with federal procedural rules. Therefore, I conclude that she is not entitled to appointment of counsel at this time.

**CONCLUSION**

For these reasons, I recommend that Ms. Yager not be sanctioned at this time, but her motion for appointment of counsel [25] is denied, without prejudice to possible renewal at a later date. Unless otherwise ordered by Judge Sinatra, any objections to this Report,

- 5 -

- 6 -

Recommendation and Order must be filed with the clerk of this court by June 9, 2026. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: May 26, 2026

        /s/    Jeremiah J. McCarthy
        JEREMIAH J. MCCARTHY
        United States Magistrate Judge